IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMSUNG SDI CO. LTD.,

Defendant.

No. CR 11-00162 WHA

**ORDER REGARDING MOTION TO UNSEAL**

**INTRODUCTION**

In this criminal antitrust action, a defendant in another criminal antitrust action moves to unseal and disclose the presentence report of defendant here. The motion is joined by another criminal defendant in movant's antitrust action. For the reasons stated below, the motion is **DENIED**. This denial, however, is without prejudice to a Rule 16 or other discovery motion before Judge Susan Illston. If she feels any of the presentence report is discoverable, this undersigned judge has no objection. Judge Illston has the permission of the undersigned judge to review the presentence report.

**STATEMENT**

Dr. Lai-Juh Chen, a criminal defendant in *United States v. AU Optronics Corporation, et al*, moves to unseal the presentence report of defendant Samsung SDI Co. Ltd., and disclose it to Brian Getz, counsel of record for Dr. Chen (Case No. CR 09-0110 SI). The presentence report at issue was generated for the sentencing of defendant Samsung SDI in this case. Hui Hsiung, also a criminal defendant in *AU Optronics*, seeks to join Dr. Chen's motion; he does not raise additional

arguments in support of disclosure of the presentence report. Samsung SDI and the government have each submitted an opposition to Dr. Chen's motion.

This case against Samsung SDI is a criminal prosecution for price fixing and other antitrust violations in the cathode ray tube ("CRT") industry. In another case, Dr. Chen is charged with violating the Sherman Act, 15 U.S.C. § 1, for his alleged involvement in a price-fixing conspiracy involving Thin Film Transistor-Liquid Crystal Display ("TFT-LCD").

Here, Dr. Chen alleges that Samsung Electronics Company had a "role in the alleged TFT-LCD conspiracy," and "it is anticipated that [in the TFT-LCD trial], the government will call Samsung employees and former employees covered by the Plea Agreement in this case" (Br. 6–7). Thus, Dr. Chen concludes that "it is extremely likely that interviews and discussions of the value of Samsung's cooperation in the PSR [in this case] would have included information related to the alleged TFT-LCD conspiracy with which Dr. Chen is charged" (Br. 8).

The government and Samsung SDI state that Dr. Chen incorrectly assumes that Samsung Electronics Company is the parent company of Samsung SDI and that the "Samsung SDI presentence report in the CDT case contains information regarding [Samsung Electronics Company]'s cooperation in the TFT-LCD investigation" (Gov't Opp 6) (*See* Maher Decl. Exh. A; Samsung Opp. 1–2).

**ANALYSIS**

There is a strong presumption in favor of confidentiality of presentence reports such that disclosure to third parties requires a showing of a "large compelling need for disclosure in order to meet the ends of justice." *United States v. Anzalone,* 886 F.2d 229, 233 (9th Cir. 1989). Our criminal local rules provide that a presentence report is a "confidential record[] of the Court," which except as otherwise required by FRCrimP 26.2, statute, federal rule or regulation, or expressly authorized by the Court, "shall be disclosed only to the Court, court personnel, the defendant, defense counsel and the attorney for the government in connection with sentencing, violation hearings, appeal or collateral review." Crim. L. R. 32-7.

Dr. Chen, joined by Hsiung, moves for unsealing and disclosure of the presentence report of Samsung SDI on the basis that the witness statements and information contained therein

"constitute evidence discoverable under the Jencks Act, 18 U.S.C. § 3500, *Giglio v. United States*, 450 U.S. 150 (1972) and Rule 404(b) of the Federal Rules of Criminal Procedure" (Br. 2).

**1. *JENCKS***

To qualify as a witness statement under the Jencks Act, a statement must be a "written statement made by said witness and signed or otherwise adopted or approved by him," "a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement," or a statement "made by said witness to a grand jury." 18 U.S.C. § 3500(e).

Dr. Chen "surmise[s]" that the presentence report will contain an analysis of "interviews with certain of Samsung's executives," that "statements made to the Probation Officer likely include information related to the TFT-LCD case," that "interviews and discussions of the value of Samsung's cooperation in the PSR would have included information related to the alleged TFT-LCD conspiracy with which Dr. Chen is charged," and that "[s]uch statements constitute information discoverable under Jencks" (Br. 8).

Based on a review of the presentence report, the Court finds it contains no statements subject to disclosure under the Jencks Act. Thus the presentence report will not be unsealed pursuant to Jencks.

**2. *GIGLIO* AND FRE 404(B)**

Dr. Chen also contends that the presentence report is discoverable under *Giglio v. United States,* asserting that "all impeachment evidence, even if not a prior statement by a witness, is discoverable" (Br. 7). Further, Dr. Chen states that "other acts of misconduct of prosecution witness [sic], and promises of leniency or immunity offered to prosecution witnesses" may be admissible under FRE 404(b)" (Br. 7–8).

*Giglio* requires the prosecution to disclose to criminal defendants evidence that tends to impair the credibility of the witnesses it calls at trial. 405 U.S. 150, 153–55 (1972). At the outset of his motion, Dr. Chen states that "[s]tatements by Samsung executives and employees, contained in the presentence report, relate to the subject matter of the testimony that such same

3

witnesses are likely to give at the trial of Dr. Chen" (Br. 3). He asserts that "Samsung and several of its employees" were involved and implicated in both the CRT and TFT-LCD cases and that "the PSR will contain details regarding other acts of misconduct by the witnesses, and promises of leniency or immunity offered by the government" (Br. 8). Presumably, then, Dr. Chen believes that the presentence report contains *Giglio* material by witnesses who will testify in the TFT-LCD trial, in which he is a defendant.

If and when the trial circumstances require the prosecutor to disclose any of the presentence report under *Giglio*, the prosecutor must do so, for *Giglio* is a self-executing obligation and nothing in this order will excuse the government from living up to its *Giglio* duty. That is sufficient, for there is no way for the undersigned judge — who is *not* the judge supervising the upcoming trial — to second guess the prosecution's assessment of what will or will not be *Giglio* material.

**CONCLUSION**

For the foregoing reasons, Dr. Chen's motion, joined by Hsuing, to unseal and disclose defendant Samsung SDI's presentence report is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4